IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KILPATRICK CORNELIUS )
MCKINNEY, )
#05990-509, )
)
    Petitioner, )
)
v. ) CASE NOS. 2:23-cv-539-RAH
) 2:23-cv-595-RAH
UNITED STATES OF AMERICA, )
)
    Respondent. )

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 20, 2026, the Court issued an order denying Petitioner Kilpatrick Cornelius McKinney's § 2255 petition. (*See* doc. 35.) On March 24, 2026, McKinney filed an appeal with the Eleventh Circuit. (Doc. 36.) Despite the pendency of that appeal, McKinney, on March 31, 2026, filed a *Motion to Alter or Amend Judgment (Rule 59(e)) and to Amend Findings (Rule 52(b))*. (*See* doc. 40.) The motion remains pending.

Under Fed. R. Civ. P. 52(b), after a properly filed motion, "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." "The purpose of Rule 52(b) motions is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Johnson v. New Destiny Christian Ctr. Church Inc.*, 771 F. App'x 991, 995 n.5 (11th Cir. 2019) (quotation omitted). A manifest error is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* (12th ed. 2024). Rule 52(b) motions are not intended to "relitigate old matters nor are such motions intended to allow the parties to present the case under new theories." *Adams v. James*, 526 F.

Supp. 80, 86 (M.D. Ala. 1981) (quotation omitted). Any "reconsideration of an order is an extraordinary remedy and is employed sparingly." *Reynolds v. Calhoun*, 650 F. Supp. 3d 1272, 1275 (M.D. Ala. 2023) (quotation omitted).

Similarly, there are four basic grounds for granting a motion to alter or amend judgment under Rule 59(e): "(1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law." *Jacobs v. Elec. Data. Sys. Corp.*, 240 F.R.D. 595, 599 (M.D. Ala. 2007) (citing 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1, at 124–27 (2d ed. 1995)). But the motion may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)

Under Fed. R. Civ. P. 52(b) and 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Such motions filed after the 28-day period are governed by Rule 60(b). Since McKinney filed his Rule 52(b) and Rule 59(e) motion after the 28-day period, his motion is governed by Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure states in relevant part that, "[o]n motion and just terms, [a] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). While "final judgments should [not] be lightly reopened," "Rule 60(b) has vested the district courts with the power to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). A

2

Rule 60(b) motion is "directed to the sound discretion of the district court[.]" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). And a district court is justified in denying Rule 60(b) relief when it is supported by allegations that are vague and conclusory. *See White v. United States*, 850 F. App'x 689, 696 (11th Cir. 2021) (upholding district court's denial of Rule 60(b) motion when allegations were vague and conclusory); *Springman v. City of Venice*, 439 F. App'x 861, 866 (11th Cir. 2011) (same).

Looking to McKinney's motion within the context of Rule 60(b), the only conceivable vehicle for relief is Rule 60(b)(1) and (b)(6). Rule 60(b)(1) allows a court to vacate a final judgment due to mistake, inadvertence, surprise, or excusable neglect. "The 'mistakes' of judges may be remedied under this provision . . . [and] [t]he rule encompasses mistakes in the application of the law." *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982) (citations omitted). Courts within the Eleventh Circuit have clarified that Rule 60(b)(1) primarily functions to allow a district court to "reconsider and correct its own [legal] error[], particularly if [it is] of an obvious nature amounting to little more than [a] clerical error[ ]." *Strawser v. Strange*, 100 F. Supp. 3d 1276, 1284 (S.D. Ala. 2015) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)). However, a Rule 60(b)(1) motion is not an appropriate vehicle for a litigant who simply believes that a court has misapplied the law. "The orderly process of appeal usually is far more appropriate to deal with such errors." *Fackelman*, 564 F.2d at 736.

Rule 60(b) also includes a "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "any other reason that justifies relief." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(b)(6)). Relief under the "catch-all provision" of Rule 60(b)(6) is an "extraordinary remedy," and the party invoking it must show "exceptional circumstances" and that, "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680

3

(citations omitted). Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation omitted). In other words, the burden on appeal is heavy, and, to prevail, the party "must demonstrate a justification [for relief] so compelling that the district court was required to [grant the motion]," not just that a grant of the motion "might have been permissible or warranted." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation omitted).

In his motion, McKinney first, and primarily, argues that the Court "applied an incorrect legal standard" concerning his "actual innocence" claim. He states that the proper standard under *Schlup* requires the Court to determine whether, "in light of newly discovery evidence, it is more likely than not that no reasonable juror would have convicted." (Doc. 40 at 2.) He further states that the Court "instead evaluated Petitioner's claim under a prejudice-based framework, focusing on whether the alleged misconduct would have changed the outcome at trial." (*Id*.)

It is correct that under *Schlup*, the standard requires the district court to make a probabilities determination about what reasonable, properly instructed jurors would do. *Schlup v. Delo*, 513 U.S. 298, 299 (1995). But McKinney misses the point. Although McKinney in his supplement to his original petition made reference to "actual innocence," he did not, in substance, make a claim that he was factually innocent of the crimes for which he was actually convicted by a jury – being a felon in possession of a firearm, possessing methamphetamine with the intent to distribute, possessing marijuana with the intent to distribute, possessing cocaine with the intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Instead, what he is challenging, under the label of actual innocence, is simply an attack to the probable cause affidavit on which McKinney's initial arrest warrant was based. That is, he is making a legal insufficiency argument. He does not state

4

that he was factually innocent of the drug and firearm charges over which he was convicted by a jury.

The Eleventh Circuit has emphasized that "for purposes of the actual innocence exception, 'actual innocence' means *factual* innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

And that is what McKinney is trying to argue here. He does not claim that he was factually innocent of the five charges for which he was convicted by a jury. Instead, his argument is one of legal insufficiency – that because of defects with the probable cause affidavit due to later discovered credibility issues of the procuring law enforcement officer, the very first arrest warrant should have been tossed, and with that, all subsequent evidence gathered, and therefore all subsequent charges and convictions, no matter McKinney's factual guilt. That is not a *Schlup* issue. After all, under *Schlup*, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). And here, Officer Whitley's conduct had no role in the jury's factual determination as to whether McKinney was guilty or innocent of the drug and firearm charges for which he was convicted.

McKinney does not grapple with the actual showing required under *Schlup,* which focuses exclusively on the impact of the new evidence on the trial proceeding. It is at trial where McKinney's guilt is determined. McKinney must produce "new reliable evidence that was not presented at trial," that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Schlup,* 513 U.S. at 317, 324. *See also House v. Bell,* 547 U.S. 518, 538  (2006) (quoting *Schlup,* 513 U.S. at 327–29) ("[T]he habeas court must consider 'all the evidence,' old and new,

incriminating and exculpatory," and "make a probabilistic determination about what reasonable, properly instructed jurors would do."). The "new evidence" relating to the arrest warrant affidavit consists primarily of post-search-warrant events in unrelated cases. This evidence, at most, provides impeachment material that could have been used at a suppression hearing. Such newly discovered impeachment evidence does not provide sufficient—or really any—evidence of actual innocence to overcome a procedural bar. *See Calderon v. Thompson,* 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley,* 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). McKinney's "new evidence" relating to the arrest warrant affidavit is not new reliable evidence that McKinney did not possess drugs or firearms on November 16, 2018. The evidence merely undermines the reasonableness of McKinney's arrest at his home, a subject that does not bear upon McKinney's factual guilt for the drug and firearm charges for which he was ultimately convicted by a jury.

None of McKinney's other grounds for vacatur have merit either. McKinney states that the Court mischaracterized his claim as a procedural or suppression-based challenge, and that it is instead grounded in the unreliability of the investigation due to newly discovered officer misconduct. The claim was not mischaracterized. Officer Whitley did not testify at trial and the search of McKinney's home was based on a different (search) warrant procured by a different agent (Agent Holsten). Despite how McKinney characterizes it, his challenge goes to the issue of the very first arrest warrant, and therefore it is suppression-based in nature. Indeed, McKinney in his supplemental filing even described it as such, stating "If Officer Whitley falsified or misrepresented evidence, then the search warrant was invalid,

and all evidence obtained as a result must be suppressed" and "Without the tainted warrant and the fruits of that search, the government had no case." (Doc. 25 at 3.)

McKinney also argues that the Court overlooked evidence of a "continuous investigative chain" as it concerns Officer Whitley and Agent Holsten. All of this evidence was considered. McKinney quibbles with the Court's observation that Officer Whitley's involvement in McKinney's drug and firearm convictions was tenuous. McKinney quibbles with it because, according to McKinney, Officer Whitley's and Agent Holsten's investigation was coordinated. Whether coordinated or not, again, Officer Whitley's connection to the actual search in which the drugs and firearms were found was tenuous. Officer Whitley was only one of nine or ten law enforcement officers there, and his actual role was limited to surveillance and monitoring the woods outside of the home during McKinney's arrest.  (Doc. 31-3.) Again, under the totality of events, especially those related to the search of the residence for drugs and firearms – Officer Whitley's role was tenuous and minimal.

Lastly, McKinney states that the newly discovered information about Officer Whitley implicates *Brady* and *Giglio* because it constitutes impeachment material. McKinney did not make this argument in his petition or his supplement, and therefore it comes too late. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in [an opposition] brief."). Regardless, Officer Whitley did not testify at trial, and therefore impeachment was not an issue. Further, he did not submit a probable cause affidavit that resulted in the search of the home for drugs and firearms after McKinney's arrest. In fact, he did not even testify at the suppression hearing over the search.  (*See* doc. 31-3.)  The only time that Officer Whitley gave any testimony was his probable cause affidavit on November 9, 2018, to arrest McKinney for selling marijuana to a confidential informant. (*See* doc. 31-1.) And at that time, Officer Whitley had not even engaged in the evidence-storage issues (2019 to 2022)

that McKinney now claims should have served as impeachment evidence and which were only discovered in 2025, well after McKinney's criminal case had concluded. McKinney is entitled to no relief on this basis.

After careful review, the Court concludes that McKinney has not shown entitlement to Rule 52(b), 59(e), 60(b)(1) or (b)(6) relief. As such, his motion is due to be denied. Accordingly, for good cause, Petitioner Kilpatrick Cornelius McKinney's *Motion to Alter or Amend Judgment (Rule 59(e)) and to Amend Findings (Rule 52(b))* (doc. 40) is hereby **DENIED**.

DONE on this the 13th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE